## John W. Durbin v. Lillie Durbin.

1. VERDICTS—*Not Sustained by the Evidence.*—Much as a court of appeal may dislike to reverse a decree upon the ground of want of evidence to support the verdict upon which it is based, they will feel constrained to do so where, as in this case, the verdict is opposed to a clear preponderance of the evidence.

**Bill for Divorce.**—Appeal from the Circuit Court of Fayette County; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed June 10, 1897.

F. M. GUINN, attorney for appellant.

ALBERT, WEBB & SPURGEON, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant filed his bill for divorce against appellee, charging her with adultery, since their marriage, with one Edward Montgomery and with one Grant Bethards; alleging the marriage took place January 16, 1894, and the parties lived together until about December 1, 1895; that defendant left him on said date, and about twenty days prior to the first day of the last term of this court, she instituted a suit for separate maintenance, and upon the trial thereof it was decreed by the court that he should pay her $10 per month, which he has done; that the fact she had committed adultery, as charged, was unknown to complainant at the last term of this court; prays for divorce and to set aside decree for separate maintenance. Answer and replication were filed, and the issue of fact was tried by a jury. They returned a verdict finding defendant not guilty, and complainant's motion for a new trial was overruled and a decree was thereupon entered dismissing the bill and awarding all the costs against complainant. He took this appeal and asks that said decree be reversed.

We think the court erred in denying the complainant's

right to ask defendant certain questions on cross-examination, but are further of the opinion that the verdict was not supported by the evidence. Grant Bethards was the uncle of defendant, and testified to several acts of illicit inter-course with defendant, since her marriage with complainant, and Logan Bethards testified to having seen Grant and defendant in the act of carnal intercourse. Whatever the jury might have thought of the conduct of Grant, leading them to doubt his testimony, nothing appears to justify them in disregarding the testimony of Logan Bethards: Edward Montgomery testified to having had carnal connection with defendant several times since her marriage, and Finies Akeman testified he had seen Montgomery and defendant in the very act of sexual intercourse. As against the evidence of these four witnesses, showing repeated acts of adultery by defendant, she, by her own testimony alone, contradicts them. Hence, much as we regret to reverse a decree upon the ground of a want of evidence to support the verdict on which it is based, we are constrained in this case to do so, holding the charge of adultery was proved by a clear preponderance of the evidence, that appellant did not learn of such adultery until after the suit for separate maintenance was decided, and the court erred in denying the motion for a new trial.

The decree is reversed and the cause remanded.